85 F.3d 637
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ana Argentina SILVA-MADRIGAL, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 94-70856, Aku-rln-vum.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 9, 1996.*
Decided May 10, 1996.
 
 1
 Before: NORRIS and WIGGINS, Circuit Judges, JONES,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Ana Argentina Silva-Madrigal ("petitioner") is a native and citizen of Nicaragua. She petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal of the Immigration Judge's ("IJ") denial of her application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). The petition is DENIED.
 
 DISCUSSION
 I. STANDARD OF REVIEW
 
 4
 We review the propriety of administrative notice by the BIA for abuse of discretion. Acewicz v. INS, 984 F.2d 1056, 1060 (9th Cir.1993). We review the BIA's denial of asylum for abuse of discretion. Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995). The BIA's denial of asylum must be upheld if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. § 1105a(a)(4); INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 815 (1992). Factual findings underlying the decision, including whether the alien has proved a well-founded fear of persecution are reviewed for substantial evidence. Ghaly v. INS, 58 F.3d 1425, 1431 (9th Cir.1995). This review is extremely deferential, and petitioner "must demonstrate 'that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.' " Id. (quoting Elias-Zacarias, 502 U.S. at 483, 112 S.Ct. at 816). We also review the BIA's decision to deny the withholding of deportation for substantial evidence. Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992).
 
 II. ADMINISTRATIVE NOTICE
 
 5
 In the instant case, the BIA conducted an independent review of the record.[1] We therefore consider only the BIA decision and need not address the propriety of the IJ's administrative notice of the change in government in Nicaragua because any errors made by the IJ are rendered harmless. See Yepes-Prado v. INS, 10 F.3d 1363, 1366 (9th Cir.1993).
 
 
 6
 Although the IJ took "administrative notice of the fact that the Sandinista party no longer control[led] the Nicaraguan government," the BIA did not take administrative notice of any facts in its decision.[2] The BIA's statement that the petitioner failed to establish a well-founded fear of persecution by the Sandinistas "[g]iven that the Sandinista Party no longer governed Nicaragua," stems from the BIA's review of the record, including the parties' discussion of the effect of the election of President Violeta Chamorro in their briefs to the BIA, rather than from the adoption of the IJ's administrative notice. Accordingly, we review the BIA's decision to determine if it is supported by substantial evidence.
 
 III. DENIAL OF APPLICATION FOR ASYLUM
 
 7
 Under 8 U.S.C. § 1158(a), the Attorney General has discretion to grant political asylum to any alien she determines to be a "refugee" under 8 U.S.C. § 1101(a)(42)(A). A "refugee" is defined as any alien "who is unable or unwilling to return to ... [her native] country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (emphasis added).
 
 
 8
 To establish eligibility on the basis of a "well-founded fear of persecution," the alien's fear of persecution must be both subjectively genuine and objectively reasonable. "The objective component requires a showing by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear of persecution." The applicant has the burden of making this showing.
 
 
 9
 Ghaly, 58 F.3d at 1428 (citations omitted). If the objective component is satisfied, a well-founded fear can be shown as long as persecution is a reasonable possibility. "Even a ten percent chance that the occurrence will take place can be enough to establish a well-founded fear." Blanco-Comarribas v. INS, 830 F.2d 1039, 1042 (9th Cir.1987).
 
 
 10
 There was substantial evidence to support the BIA's finding that petitioner had not suffered persecution and did not have a well-founded fear of persecution. "Persecution has been defined as 'the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive.' " Prasad v. INS, 47 F.3d 336, 339 (9th Cir.1995) (citation omitted). Petitioner contends that she was singled out by the government when she refused to continue performing volunteer work. However, her refusal to perform the volunteer labor was based on personal interests, such as avoiding long work hours and the difficulty of traveling home at night, rather than on account of her race, religion, nationality, membership in a particular social group, or political opinion.[3] Specifically, petitioner testified that she had to stop performing the volunteer work because she was working too many hours and was "mistreating [her]self physically." She further testified that:
 
 
 11
 [O]ne reason why [she] feared for her life was because [she] would get home in the dark, and sometimes there were people in the streets, and they would want to do something to you if they saw that you were alone. And the buses were very dangerous because--it was very dangerous to ride them because they were so filled with people, it was dangerous because you'd have to be hanging on.
 
 
 12
 Based on petitioner's testimony, the volunteer work was a hardship for petitioner only because she had a long commute and she was attending school while working full-time. Accordingly, the denial of a discount for food purchases and termination from her government job (after she refused to perform work responsibilities that are required of other government employees) do not constitute persecution because these "reprisals" were not taken on account of race, religion, nationality, membership in a particular social group, or political opinion. See Sballo-Cortez v. INS, 761 F.2d 1259, 1264 (9th Cir.1985) (denial of "such perquisites as discounts on food and a special work permit" is not persecution); Raass v. INS, 692 F.2d 596 (9th Cir.1982) (asylum relief requires a showing of more than generalized economic disadvantage). Whatever the economic hardships suffered by petitioner in the past, they do not amount to persecution because the harm was not inflicted on account of one of the five grounds listed in section 1101(a)(42)(A).[4]
 
 
 13
 Petitioner also testified that her aunt's house was under surveillance and ultimately confiscated by the Sandinistas, and that members of her family were suspected of being contras because her aunt lived in the United States. This testimony, however, does not amount to evidence of past persecution that is " 'so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.' " Ghaly, 58 F.3d at 1431.
 
 
 14
 Similarly, petitioner has not demonstrated a well-founded fear of future persecution. Petitioner bases her unfounded fear of future persecution on her belief that the present government under President Chamorro is unable to prevent the Sandinistas still in positions of power from persecuting her. Even if this were true, petitioner fails to show that she would be persecuted by the Sandinistas on account of her race, religion, nationality, membership in a particular social group, or political opinion. As discussed above, generalized economic disadvantage does not establish persecution.
 
 
 15
 Absent a likelihood of future persecution, asylum is warranted for humanitarian reasons only if petitioner demonstrates that in the past, she or her family has suffered under atrocious forms of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. Kazlauskas v. INS, 46 F.3d 902, 906 (9th Cir.1995); Matter of Chen, I. & N. Dec. 3104 (BIA 1989). As discussed above, petitioner has not established that she suffered past persecution, as defined in section 1101(a)(42)(A), let alone that she has been subjected to atrocious persecution. See Kazlauskas, 46 F.3d at 907 & n. 5 (noting that other circuits have denied asylum in cases involving such egregious conduct as harassment at work, arrest, imprisonment, beating, torture, and dismissal from work).
 
 
 16
 IV. DENIAL OF APPLICATION FOR WITHHOLDING OF DEPORTATION
 
 
 17
 "[F]ailure to satisfy the lesser standard of proof required to establish eligibility for asylum necessarily results in a failure to demonstrate eligibility for withholding of deportation as well." Ghaly, 58 F.3d at 1429. Because petitioner does not meet the lower standard under 8 U.S.C. § 1158(a), she necessarily has failed to show a clear probability of persecution to warrant relief under section 1253(h).
 
 CONCLUSION
 
 18
 For the foregoing reasons, we DENY the petition to review the BIA's decision.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Hon. Napoleon A. Jones, United States District Judge for the Southern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The BIA's decision stated three times that the BIA's conclusions were based on its own review of the record
 
 
 [2]
 Although the BIA acknowledged that the IJ noticed the change in government and cited to BIA decisions where the Board expressly took administrative notice of the new Nicaraguan government, the BIA here did not explicitly adopt the IJ's findings or state that it was taking administrative notice of any facts. Cf. Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995) (reviewing the IJ's decision where BIA conducted a de novo review, but explicitly adopted the reasons in the IJ's decision); Matter of H-M, I. & N. Dec. 3204 (BIA 1993) (upon independent review of the IJ's decision, the BIA expressly took administrative notice of the change in the Nicaraguan government where the asylum applicant acknowledged the BIA's ability to take administrative notice and explicitly recognized that there had been a change in the government)
 
 
 [3]
 Notwithstanding the petitioner's statement in her brief to the BIA that she worked for the Sandinista-controlled company in order to earn an income and continue in school even though she "disagreed with the Sandinistas," her reason for refusing to perform the voluntary work appears to stem from her opposition to her busy work schedule rather than any political opposition to the Sandinistas. Significantly, she did not testify under oath that she opposes the Sandinistas' politics. Also, there appears to be no evidence that she told anyone of her disagreement with the Sandinistas. Moreover, she characterizes herself as "a victim of an oppressive government" only because the government and the Sandinista Defense Committee "controlled all her activities" and she was forced to start her days at 5:00 a.m. and not return home until 1:00 a.m. or 2:00 a.m
 
 
 [4]
 We need not address petitioner's statement in her first asylum application that she fears that she will be required to join the Nicaraguan "mandatory military service" upon deportation because she did not raise this issue with the immigration judge or on appeal to the BIA or this court. See Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir.1994)